UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| ERNESTO GARCIA, | ) | No. CV 11-09906-DOC (VBK) |
| | ) | |
|           Petitioner, | ) | ORDER DISMISSING PETITION WITH |
| | ) | LEAVE TO AMEND |
|   v. | ) | |
| | ) | |
| MATTHEW CATE, et al., | ) | |
| | ) | |
|           Respondents. | ) | |
| | ) | |

On November 30, 2011, Ernesto Garcia (hereinafter referred to as "Petitioner") filed a document entitled "Petition for Writ of Habeas Corpus." The Court's initial review of the Petition reveals that it suffers from the following deficiencies:

(1)    Petitioner has failed to utilize the proper habeas form pursuant to Rule 2(c) of the Rules Governing §2254 Cases and Local Rule 83-16.1 of the United States District Court for the Central District of California. The habeas petition must be filled out completely on the correct form.

(2)    The Petition must be signed under penalty of perjury by the Petitioner or by a person authorized to sign it for the Petitioner under 28 U.S.C. §2242. See Rule 2(c)(5) of the

1           Rules Governing §2254 Cases.

2    (3)   Petitioner must set forth each and every ground on which he

3           claims he is being held in violation of the United States

4           Constitution , laws or treaties of the United States. There

5           is no indication in the Petition whatsoever that the

6           California Court of Appeal or California Supreme Court have

7           been given an opportunity to rule on Petitioner's

8           contentions.

9           A federal court will not review a state prisoner's petition

10           for writ of habeas corpus unless it appears that the

11           prisoner has exhausted available state remedies on each and

12           every claim presented. 28 U.S.C. § 2254(b) and (c);

13           Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979); see

14           Rose v. Lundy, 455 U.S. 509, 522 (1982).  "For reasons of

15           federalism, 28 U.S.C. § 2254 requires federal courts to give

16           the states an initial opportunity to correct alleged

17           violations of its prisoners' federal rights."  Kellotat v.

18           Cupp, 719 F.2d 1027, 1029 (9th Cir. 1983).

19           Exhaustion requires that the prisoner's contentions be

20           fairly presented to the highest court of the state.

21           Carothers, supra, 594 F.2d at 228; see Allbee v. Cupp, 716

22           F.2d 635, 636-37 (9th Cir. 1983).  A claim has not been

23           fairly presented unless the prisoner has described in the

24           state court proceedings both the operative facts and the

25           federal legal theory on which his claim is based.  See

26           Anderson v. Harless, 459 U.S. 4, 6 (1982); Pappageorge v.

27           Sumner, 688 F.2d 1294 (9th Cir. 1982), cert. denied, 459 U.S.

28           1219 (1983).

1    The Petition therefore is **DISMISSED** with leave to amend.  If

2  Petitioner desires to pursue this action, he is ordered to file an

3  Amended Petition correcting the deficiencies discussed above within 30

4  days of the date of this Order.  The Clerk is **DIRECTED** to send

5  Petitioner a Central District of California blank habeas petition form

6  for this purpose.  The Amended Petition should reflect the same case

7  number, be clearly labeled "First Amended Petition," and be filled out

8  completely.

9    Petitioner is cautioned that his failure to timely file an

10  Amended Petition in compliance with this Order will result in a

11  recommendation that the action be dismissed without prejudice for

12  failure to prosecute.

13

14  DATED: __December 2, 2011__        _____/s/_____
                                       VICTOR B. KENTON
15                                     UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28